# ATTACHMENT 1



**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2024000022**
**RBJ**
**JAN 03, 2024 12:42 PM**

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

MARSAINAH FERRELL

Plaintiff

-vs-

META PLATFORMS, INC, d/b/a INSTAGRAM

Defendant

_____
(Case I.D. Number)

## **COMPLAINT**

I, MARSAINAH FERRELL, of STOCKBRIDGE, in HENRY County, Georgia, MAKE OATH AND SAY THAT:

1. Plaintiff is a resident of Stockbridge, Georgia.

2. Defendant Meta Platforms, Inc. d/b/a Instagram ("Instagram") is a foreign corporation authorized to transact business in Georgia. Defendant's principle office is located at 1 Hacker Way, Menlo Park, California 94025. Defendant maintains a registered agent for service of process in Georgia, Corporation Service Company, who may be served at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia, 30092.

3. This Court has personal jurisdiction over Defendant, and venue is proper in this Court.

4. Instagram operates a social media site. Plaintiff maintained an account with Instagram until her account was suspended by Instagram on or about Friday, December 22, 2023.

5. On information and belief, Instagram was negligent and violated its own rules in suspending Plaintiff's account.

6. Defendant suspended Plaintiff's account for allegedly violating Instagram's community standards in a way that suggests criminal activity on the part of Plaintiff.

7. Plaintiff engaged in no such activity, in violation of Instagram's community standards or otherwise.

8. Plaintiff is unsure whether her account was hacked or whether Instagram's computer algorithms committed an error in some way.

9. Instagram's rules allow a user to appeal such decisions, but Plaintiff has been shut out of the system completely by Instagram, such that the Plaintiff is unable even to learn the alleged violation and unable to follow Instagram's purported appeals process, all in violation of Instagram's own rules.

10. Instagram's conduct was negligent and proximately caused Plaintiff harm. Plaintiff's Instagram account has valuable materials, photographs, narrative content, and communication channels that Plaintiff has been deprived from accessing based on a violation that did not occur.

11. Plaintiff's Instagram account is a verified business account with 907,000 followers and an engagement reach of 6 million impressions per week.

12. Plaintiff promotes fitness, workout supplements, and does general promotions for other companies from her account.

13. Instagram's conduct was negligent and proximately caused Plaintiff to lose a 3 year contract with a modeling agency.

14. Plaintiff claims general compensatory damages in an amount determined by the enlightened conscience of a fair and impartial jury, but in any event, Plaintiff claims damages in the amount of $75,000 or less. Plaintiff expressly disavows damages in any amount greater.

Wherefore, Plaintiff prays for the following relief:

a. That summons issue requiring Defendant to appear as provided by law to answer this Complaint:

. That Plaintiff have a trial by jury;

c. That Plaintiff recover from Defendant an award of damages as provided by Georgia law (alternatively,

Defendant can provide information to Plaintiff concerning the alleged violation and an opportunity to show

that Plaintiff did not violate Defendant's community standards, especially not by committing an alleged crime);

d.      That Plaintiff recover from Defendant an award of general compensatory damages caused by Defendant's

conduct described above  (alternatively, Defendant can provide information to Plaintiff concerning the alleged violation and an

opportunity to show that Plaintiff did not violate Defendant's community standards, especially not by committing an

alleged crime);

e.      That all costs be cast against Defendant; and

f.      For such other and further relief as the Court shall deem just and appropriate.


Respectfully submitted, this 28th day of December, 2023.

State of Texas

County of Dallas

SUBSCRIBED AND SWORN TO BEFORE

ME, on the ___28___ day of

___December___, ___2023___

Signature  _____

(Seal)

NOTARY PUBLIC

My Commission expires:

___03/16/2026___

NOTARY PUBLIC
★ STAR ★
STATE OF TEXAS

Jennifer Frazier
Notary Public, State of Texas
Comm. Expires 03-16-2026
Notary ID 131492357

Notarized Online with NotaryLive.com

/s/ *Marsainah Ferrell*

(Signature)

MARSAINAH FERRELL

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2024000022**
RBJ
JAN 03, 2024 12:42 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER   STSV2024000022

Ferrell, Marsainah

**PLAINTIFF**

VS.

Meta Platforms, Inc, DBA d/b/a Instagram

**DEFENDANT**

## SUMMONS

TO: META PLATFORMS, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Marsainah Ferrell**

**119 glen eagle way**
**McDonough , Georgia 30253**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of January, 2024.**

Clerk of State Court

*Lynne M. Policaro*

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Page 1 of 1

Scanned with CamScanner

**General Civil and Domestic Relations Case Filing Information Form**

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2024000022**
RBJ

JAN 03, 2024 12:42 PM

☐ Superior or ☑ State Court of _Henry_____ County

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _01-03-2024_____ | **Case Number** _STSV2024000022_____ |
| **MM-DD-YYYY** | |

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**Plaintiff(s)**

Ferrell, Marsainah

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Defendant(s)**

Meta Platforms, Inc

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** _____     **Bar Number** _____     **Self-Represented** ☑

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2024000022**
RBJ
JAN 23, 2024 01:35 PM

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

**Marsainah Ferrell**

Plaintiff/Petitioner

vs.

**Meta Platforms, Inc, dba Instagram**

Defendant/Respondent

Case No.: STSV2024000022 *Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

AFFIDAVIT OF SERVICE OF
**Summons; Complaint**

Received by **Bela Farkas**, on the **22nd day of January, 2024 at 11:45 AM** to be served upon **META PLATFORMS, INC.** at **2 Sun Ct Suite. 400, Peachtree Corners, Gwinnett County, GA 30092**.
On the **22nd day of January, 2024 at 3:06 PM**, I, **Bela Farkas**, **SERVED META PLATFORMS, INC.** at **2 Sun Ct Suite. 400, Peachtree Corners, Gwinnett County, GA 30092** in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering **1** copy(ies) of the above-listed documents to **Diane Beams**.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Diane Beams who identified themselves as the firm administrator, co-resident with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 55-65 years of age, 5'6"-5'8" tall and weighing 160-180 lbs with glasses.**

Service Fee Total: **$150.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____    N/A                    1-23-2024
Bela Farkas                          Server ID #            Date

Notary Public: Subscribed and sworn before me on this **23** day of **January** in the year of 20**24**
Personally known to me __X__ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

*[Notary Seal: AMANDA FABIOLA TUNCHEZ, NOTARY PUBLIC, GWINNETT COUNTY, GA, MY COMMISSION EXPIRES 15 DECEMBER 2025]*



EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2023002913**
VAL

JAN 03, 2024 11:00 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## STATE COURT OF HENRY COUNTY

### STATE OF GEORGIA

IN RE: APPOINTMENT AS PERMANENT )
     PROCESS SERVER OF )
     _Bela Farkas_ )
     PURSUANT TO O.C.G.A. SECTION )
     9-11-4(c) )

23SV2913

### ORDER APPOINTING PERMANENT PROCESS SERVER

    The foregoing Motion having been read and considered, it is hereby ORDERED that ____BELA FARKAS____ be appointed as permanent process server for the Henry County State Court pursuant to O.C.G.A. Section 9-11-4(c).

    The appointment shall be effective from the date of this Order to the date of expiration of Applicant's current certification as a process server through the Georgia Administrative Office of the Courts, which is ___NOV 30, 2026___, unless sooner revoked for cause shown.

    **SO ORDERED**, this __3rd__ day of __January__, 20_24_

_____
VINCENT A. "VINNY" LOTTI
Chief Judge,
Henry County State Court

12/19/2022

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024000022
RBJ
FEB 21, 2024 06:01 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# IN THE STATE COURT OF HENRY COUNT
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARSAINAH FERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | STSV2024000022 |
| v. | ) | |
| | ) | |
| META PLATFORMS, INC. d/b/a | ) | |
| INSTAGRAM, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT META PLATFORMS, INC.'S SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES

Defendant Meta Platforms, Inc., ("Defendant"), by and through its undersigned counsel, hereby files, by way of special appearance and without submitting to the jurisdiction of this Court, its Answer and Defenses in response to Plaintiff's Complaint, showing the Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's prayer for relief fails to the extent that Plaintiff failed to mitigate damages as required by law.

## THIRD AFFIRMATIVE DEFENSE
### (Venue)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Venue is improper.

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that at all times relevant to the Complaint in this case, the actions of Defendant were taken in good faith in exercising its duties and responsibilities as imposed by law.

## FIFTH AFFIRMATIVE DEFENSE
### (Business Justification)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant has legitimate business justifications and privileges for its arrangements and actions.

## SIXTH AFFIRMATIVE DEFENSE
### (No Falsity)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges Plaintiff's claims are barred, in whole or in part, because Defendant made no false statements regarding content posted on or to Plaintiff's account.

## SEVENTH AFFIRMATIVE DEFENSE
### (Forum Selection)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's claims are subject to a forum selection clause within the Instagram Terms of Use, which govern Plaintiff's dispute and thus are incorporated by reference hereto and attached as Exhibit 1.

## EIGHTH AFFIRMATIVE DEFENSE
### (O.C.G.A. § 51-12-33)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Defendant is entitled to a reduction and apportionment of award or bar of recovery according to percentage of fault of parties and non-parties to this action in accordance with O.C.G.A. § 51-12-33.

## NINTH AFFIRMATIVE DEFENSE
### (Independent, Intervening, or Superseding Cause)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that if Plaintiff suffered any injuries attributable to the alleged account suspension, the injuries were solely caused by an unforeseeable,

independent, intervening, and/or superseding event beyond the control and unrelated to any conduct of Defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

## TENTH AFFIRMATIVE DEFENSE
### (No Right to Control)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that any loss, injury, or damage incurred by Plaintiff was proximately and legally caused by the negligent or willful acts or omissions of parties which Defendant neither controlled, nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Comparative Fault or Contributory Negligence)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that the damages, if any, complained of by Plaintiff, were proximately caused by the negligence, fault, breach of contract, and/or strict liability of Plaintiff or persons, corporations, and entities other than Defendant, and that said negligence, fault, breach of contract, and/or strict liability comparatively reduces the percentage of any negligence, fault, breach of contract, or strict liability for which Defendant is legally responsible, if any be found, which liability Defendant expressly denies. Further, Defendant alleges that Plaintiff did not exercise ordinary care, caution, or prudence to avoid the

incidents complained of herein, and said incidents and the injuries and damages, if any, sustained by Plaintiff, were directly and proximately caused and contributed to by the carelessness and negligence of said Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE
### (Conduct of Persons Other Than Defendant)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that the accident, injuries, and damages alleged in Plaintiff's Complaint were not caused due to any negligence, fault, or culpable conduct on the part of Defendant, and Defendant denies that it is liable to Plaintiff for the damages alleged in the Complaint. Rather, the accident, injuries, and damages alleged in Plaintiff's Complaint were caused in whole or in part due to the negligence, fault, or culpable conduct of others, over whom Defendant had no control. However, in the event that a determination is made that some negligence or fault of Defendant proximately contributed to the accident, injuries, or damages alleged, Defendant alleges that one or more persons or entities are in some manner responsible for the injuries and damages alleged, and by reason thereof, it is entitled to an apportionment among these persons or entities according to law. Further, the amount of recovery, if any, must be reduced by an amount proportionate to the amount by which the negligence, fault, or culpable conduct of the Plaintiff and/or others contributed to the accident, injuries, and damages alleged in said Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Causation)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that no conduct by or attributable to Defendant was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's claims are subject to an arbitration clause within the Instagram Terms of Use, which govern Plaintiff's dispute and thus are incorporated by reference hereto and attached as Exhibit 1.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's claims against Defendant are barred because Plaintiff has not sustained any damages for which Defendant is responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Any Loss Caused by Plaintiff)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that if Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own conduct, acts, or omissions.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff consented to, authorized, approved, acquiesced to, and/or ratified the actions about which Plaintiff now complains.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's claims against Defendant are barred by the doctrines of estoppel, prevention, laches, unclean hands, and/or waiver.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff, without alleging coercion of circumstance, chose to open an Instagram account with full knowledge of the risks of doing so and while exercising a free choice as to whether to engage in the act or not.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Lack and/or Failure of Consideration)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's claims are barred due to lack of or failure of consideration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Necessary Conditions)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's has not established all necessary conditions to show liability on the part of Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Plaintiff's Antecedent Breach)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's purported claims are barred because any performance owed by Defendant to Plaintiff under any contract was excused by Plaintiff's own antecedent breaches of alleged agreements.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Federal Preemption)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's claims fail because each is barred as a matter of law by 47 U.SC. § 230 of the Communications Decency Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Duty)

As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Defendant did not breach any duty owed to Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Affirmative Defenses Not Yet Apparent)

As a separate defense to the Complaint and to each cause of action therein, Defendant presently has insufficient knowledge or information upon which to form a belief as to the availability of additional, as yet unstated, affirmative defenses. As to each and every cause of action, Defendant reserves the right to assert additional affirmative defenses in the event investigation and/or discovery reveal that such defenses would be appropriate.

## RESPONSES TO NUMBERED PARAGRAPHS

1.    Plaintiff is a resident of Stockbridge, Georgia.

**RESPONSE: Meta is without information or knowledge sufficient to form a belief as to the truthfulness of Paragraph 1 of the Complaint. To the extent a response is required, it is denied.**

2.    Defendant Meta Platforms, Inc. d/b/a Instagram ("Instagram") is a foreign corporation authorized to transact business in Georgia. Defendant's principle office is located at 1 Hacker Way, Menlo Park, California 94025. Defendant maintains a registered agent for service of process in Georgia, Corporation Service Company, who may be served at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia, 30092.

**RESPONSE: Admitted. Meta denies any conduct that gives rise to claims for which Meta could be held liable and denies that venue is proper in this Court.**

3.     This Court has personal jurisdiction over Defendant, and venue is proper in this Court.

**RESPONSE: Denied.**

4.     Instagram operates a social media site. Plaintiff maintained an account with Instagram until her account was suspended by Instagram on or about Friday, December 22, 2023.

**RESPONSE: Meta admits only that it owns and operates the Instagram service. Based solely on the allegations in the Complaint, Meta is without information or knowledge sufficient to form a belief as to the truthfulness of the remainder of Paragraph 4 of the Complaint. To the extent a response is required, it is denied.**

5.     On information and belief, Instagram was negligent and violated its own rules in suspending Plaintiffs account.

**RESPONSE: Denied.**

6.     Defendant suspended Plaintiffs account for allegedly violating Instagram's community standards in a way that suggests criminal activity on the part of Plaintiff.

**RESPONSE: Based solely on the allegations in the Complaint, Meta is without information or knowledge sufficient to form a belief as to the truthfulness of**

**Paragraph 6 of the Complaint. To the extent a response is required, it is denied.**

7.     Plaintiff engaged in no such activity, in violation of Instagram's community standards or otherwise.

**RESPONSE: Based solely on the allegations in the Complaint, Meta is without information or knowledge sufficient to form a belief as to the truthfulness of Paragraph 7 of the Complaint. To the extent a response is required, it is denied.**

8.     Plaintiff is unsure whether her account was hacked or whether Instagram's computer algorithms committed an error in some way.

**RESPONSE: Based solely on the allegations in the Complaint, Meta is without information or knowledge sufficient to form a belief as to the truthfulness of Paragraph 8 of the Complaint. To the extent a response is required, it is denied.**

9.     Instagram's rules allow a user to appeal such decisions, but Plaintiff has been shut out of the system completely by Instagram, such that the Plaintiff is unable even to learn the alleged violation and unable to follow Instagram's purported appeals process, all in violation of Instagram's own rules.

**RESPONSE: Meta admits only that it provides tools for users to assist with account access issues, including when users believe their account may have been**

**compromised. Answering further, Meta states that its tools are only provided as a resource and in no way guarantees the effectiveness of such tools in resolving the issues experience by a user, and Meta disclaims any warranties concerning the effectiveness of any service Meta provides, as set forth in the Terms of Use that govern this dispute and are incorporated by reference. Meta is without information or knowledge sufficient to form a belief as to the remainder of Paragraph 9, including Plaintiff's use of tools Meta offers to Instagram users. To the extent a response is required, it is denied.**

10.     Instagram's conduct was negligent and proximately caused Plaintiff harm. Plaintiffs Instagram account has valuable materials, photographs, narrative content, and communication channels that Plaintiff has been deprived from accessing based on a violation that did not occur.

**RESPONSE: Meta denies that its conduct was negligent and caused Plaintiff harm. As to the remaining allegations in Paragraph 10, Meta is without information or knowledge sufficient to form a belief as to the truthfulness of Paragraph 10 of the Complaint. To the extent a response is required, it is denied.**

11.     Plaintiffs Instagram account is a verified business account with 907,000 followers and an engagement reach of 6 million impressions per week.

**RESPONSE: Based solely on the allegations in the Complaint, Meta is without information or knowledge sufficient to form a belief as to the truthfulness of Paragraph 11 of the Complaint. To the extent a response is required, it is denied.**

12. Plaintiff promotes fitness, workout supplements, and does general promotions for other companies from her account.

**RESPONSE: Based solely on the allegations in the Complaint, Meta is without information or knowledge sufficient to form a belief as to the truthfulness of Paragraph 12 of the Complaint. To the extent a response is required, it is denied.**

13. Instagram's conduct was negligent and proximately caused Plaintiff to lose a 3 year contract with a modeling agency.

**RESPONSE: Meta denies that its conduct was negligent and caused Plaintiff harm. As to the remaining allegations in Paragraph 13, Meta is without information or knowledge sufficient to form a belief as to the truthfulness of Paragraph 13 of the Complaint. To the extent a response is required, it is denied.**

14. Plaintiff claims general compensatory damages in an amount determined by the enlightened conscience of a fair and impartial jury, but in any event, Plaintiff

claims damages in the amount of $75,000 or less. Plaintiff expressly disavows damages in any amount greater.

**RESPONSE: Paragraph 14 does not require a response. To the extent a response is required, Meta denies any liability or misconduct or that Plaintiff may recover any damages in this matter.**

Responding to the "Wherefore" clauses of Plaintiff's Complaint: **Defendant denies that Plaintiff is entitled to the relief requested therein.**

To the extent any allegation of Plaintiff's Complaint has not been heretofore specifically admitted, denied, or otherwise controverted, such allegation is hereby denied.

WHEREFORE, having fully answered and asserted its affirmative defenses, Defendant prays as follows:

(a) that the Complaint be denied and dismissed with prejudice;

(b) that judgment be entered in Defendant's favor;

(c) that Defendant is awarded the costs of defense of this suit; and

(d) that Defendant have such other relief as is just and proper.

Respectfully submitted, this 21st day of February, 2024.

*/s/ Jeffrey D. Horst*
Jeffrey D. Horst
Georgia Bar No. 367834
Kana Caplan

Georgia Bar No. 621805

KREVOLIN & HORST, LLC
1201 W. Peachtree St. NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)
horst@khlawfirm.com
caplan@khlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a true and correct copy of the foregoing ***Defendant Meta Platforms, Inc.'s Special Appearance Answer and Affirmative Defenses*** by filing the same into the PeachCourt electronic filing system, which automatically provides notice and service to all parties of record, and by First Class US Mail with adequate postage affixed thereon to ensure delivery to:

Marsainah Ferrell
119 Glen Eagle Way
McDonough, GA 30253

This 21st day of February, 2024.

*/s/ Jeffrey D. Horst*
Jeffrey D. Horst
Georgia Bar No. 367834
Kana Caplan
Georgia Bar No. 621805

KREVOLIN & HORST, LLC
1201 W. Peachtree St. NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)
horst@khlawfirm.com
caplan@khlawfirm.com

# EXHIBIT 1

 **Help Center**

■  ■

Terms and Policies

# Terms of Use

Welcome to Instagram!

These Terms of Use (or "Terms") govern your use of Instagram, except where we expressly state that separate terms (and not these) apply, and provide information about the Instagram Service (the "Service"), outlined below. When you create an Instagram account or use Instagram, you agree to these terms. The Meta Terms of Service do not apply to this Service.

The Instagram Service is one of the Meta Products, provided to you by Meta Platforms, Inc. These Terms of Use therefore constitute an agreement between you and Meta Platforms, Inc.

ARBITRATION NOTICE: YOU AGREE THAT DISPUTES BETWEEN YOU AND US WILL BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION AND YOU WAIVE YOUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR CLASS-WIDE ARBITRATION. WE EXPLAIN SOME EXCEPTIONS AND HOW YOU CAN OPT OUT OF ARBITRATION BELOW.

## The Instagram Service

We agree to provide you with the Instagram Service. The Service includes all of the Instagram products, features, applications, services, technologies, and software that we provide to advance Instagram's mission: To bring you closer to the people and things you love. The Service is made up of the following aspects:

 **Help Center**

share. People are different so we offer you different types of accounts and features to help you create, share, grow your presence, and communicate with people on and off Instagram. We also want to strengthen your relationships through shared experiences that you actually care about. So we build systems that try to understand who and what you and others care about, and use that information to help you create, find, join and share in experiences that matter to you. Part of that is highlighting content, features, offers and accounts that you might be interested in, and offering ways for you to experience Instagram, based on things that you and others do on and off Instagram.

- **Fostering a positive, inclusive, and safe environment.**
  We develop and use tools and offer resources to our community members that help to make their experiences positive and inclusive, including when we think they might need help. We also have teams and systems that work to combat abuse and violations of our Terms and policies, as well as harmful and deceptive behavior. We use all the information we have-including your information-to try to keep our platform secure. We also may share information about misuse or harmful content with other Meta Companies or law enforcement. Learn more in the **Privacy Policy**.

- **Developing and using technologies that help us consistently serve our growing community.**
  Organizing and analyzing information for our growing community is central to our Service. A big part of our Service is creating and using cutting-edge technologies that help us personalize, protect, and improve our Service on an incredibly large scale for a broad global community. Technologies like artificial intelligence and machine learning give us the power to apply complex processes across our Service. Automated technologies also help us ensure the functionality and integrity of our Service.

 **Help Center**                                    ■   ■

Products.
Instagram is part of the Meta Companies, which share technology, systems, insights, and information-including the information we have about you (learn more in the **Privacy Policy**) in order to provide services that are better, safer, and more secure. We also provide ways to interact across the Meta Company Products that you use, and designed systems to achieve a seamless and consistent experience across the Meta Company Products depending on your choices.

- **Ensuring access to our Service.**
  To operate our global Service, we must store and transfer data across our systems around the world, including outside of your country of residence. The use of this global infrastructure is necessary and essential to provide our Service. This infrastructure may be owned or operated by Meta Platforms, Inc., Meta Platforms Ireland Limited, or their affiliates.

- **Connecting you with brands, products, and services in ways you care about.**
  We use data from Instagram and other Meta Company Products, as well as from third-party partners, to show you ads, offers, and other sponsored content that we believe will be meaningful to you. And we try to make that content as relevant as all your other experiences on Instagram.

- **Research and innovation.**
  We use the information we have to study our Service and collaborate with others on research to make our Service better and contribute to the well-being of our community.

## How Our Service Is Funded

Instead of paying to use Instagram, by using the Service covered by these Terms, you acknowledge that we can show you ads that businesses and

 **Help Center**                    ■    ■

as information about your activity and interests, to show you ads that are more relevant to you.

We show you relevant and useful ads without telling advertisers who you are. We don't sell your personal data. We allow advertisers to tell us things like their business goal and the kind of audience they want to see their ads. We then show their ad to people who might be interested.

We also provide advertisers with reports about the performance of their ads to help them understand how people are interacting with their content on and off Instagram. For example, we provide general demographic and interest information to advertisers to help them better understand their audience. We don't share information that directly identifies you (information such as your name or email address that by itself can be used to contact you or identifies who you are) unless you give us specific permission. Learn more about how Instagram ads work here.

You may see branded content on Instagram posted by account holders who promote products or services based on a commercial relationship with the business partner mentioned in their content. You can learn more about this here.

## The Privacy Policy

Providing our Service requires collecting and using your information. The **Privacy Policy** explains how we collect, use, and share information across the Meta Products. It also explains the many ways you can control your information, including in the Instagram Privacy and Security Settings. You must agree to the Privacy Policy to use Instagram.

## Your Commitments

In return for our commitment to provide the Service, we require you to make the below commitments to us.

 **Help Center**    ■    ■

to be safe, secure, and in accordance with the law so
we need you to commit to a few restrictions in order
to be part of the Instagram community.

- You must be at least 13 years old.

- You must not be prohibited from receiving any
  aspect of our Service under applicable laws or
  engaging in payments related Services if you
  are on an applicable denied party listing.

- We must not have previously disabled your
  account for violation of law or any of our
  policies.

- You must not be a convicted sex offender.

**How You Can't Use Instagram.** Providing a safe and
open Service for a broad community requires that we
all do our part.

- **You can't impersonate others or provide
  inaccurate information.**
  You don't have to disclose your identity on
  Instagram, but you must provide us with
  accurate and up to date information (including
  registration information), which may include
  providing personal data. Also, you may not
  impersonate someone or something you
  aren't, and you can't create an account for
  someone else unless you have their express
  permission.

- **You can't do anything unlawful, misleading,
  or fraudulent or for an illegal or
  unauthorized purpose.**

- **You can't violate (or help or encourage
  others to violate) these Terms or our policies,
  including in particular the Instagram
  Community Guidelines,** Meta Platform Terms
  and Developer Policies, **and Music Guidelines.**
  If you post branded content, you must comply
  with our Branded Content Policies, which
  require you to use our branded content tool.
  Learn how to report conduct or content in our
  Help Center.

 **Help Center**

■  ■

This includes misusing any reporting, dispute, or appeals channel, such as by making fraudulent or groundless reports or appeals.

- **You can't attempt to create accounts or access or collect information in unauthorized ways.**
  This includes creating accounts or collecting information in an automated way without our express permission.

- **You can't sell, license, or purchase any account or data obtained from us or our Service.**
  This includes attempts to buy, sell, or transfer any aspect of your account (including your username); solicit, collect, or use login credentials or badges of other users; or request or collect Instagram usernames, passwords, or misappropriate access tokens.

- **You can't post someone else's private or confidential information without permission or do anything that violates someone else's rights, including intellectual property rights (e.g., copyright infringement, trademark infringement, counterfeit, or pirated goods).**
  You may use someone else's works under exceptions or limitations to copyright and related rights under applicable law. You represent you own or have obtained all necessary rights to the content you post or share. Learn more, including how to report content that you think infringes your intellectual property rights, **here**.

- **You can't modify, translate, create derivative works of, or reverse engineer our products or their components.**

- **You can't use a domain name or URL in your username without our prior written consent.**

**Permissions You Give to Us.** As part of our agreement, you also give us permissions that we need to provide the Service.

- **We do not claim ownership of your content, but you grant us a license to use it.**

 **Help Center**

content that you post on or through the Service and you are free to share your content with anyone else, wherever you want. However, we need certain legal permissions from you (known as a "license") to provide the Service. When you share, post, or upload content that is covered by intellectual property rights (like photos or videos) on or in connection with our Service, you hereby grant to us a non-exclusive, royalty-free, transferable, sub-licensable, worldwide license to host, use, distribute, modify, run, copy, publicly perform or display, translate, and create derivative works of your content (consistent with your privacy and application settings). This license will end when your content is deleted from our systems. You can delete content individually or all at once by deleting your account. To learn more about how we use information, and how to control or delete your content, review the **Privacy Policy** and visit the Instagram Help Center.

- **Permission to use your username, profile picture, and information about your relationships and actions with accounts, ads, and sponsored content.**
  You give us permission to show your username, profile picture, and information about your actions (such as likes) or relationships (such as follows) next to or in connection with accounts, ads, offers, and other sponsored content that you follow or engage with that are displayed on Meta Products, without any compensation to you. For example, we may show that you liked a sponsored post created by a brand that has paid us to display its ads on Instagram. As with actions on other content and follows of other accounts, actions on sponsored content and follows of sponsored accounts can be seen only by people who have permission to see that content or follow. We will also respect your ad settings. You can learn more here about your ad settings.

- **You agree that we can download and install updates to the Service on your device.**

 **Help Center**                                          ■  ■

Instagram Features

Manage Your Account

Staying Safe

Privacy, Security and
Reporting

Terms and Policies

    Community Guidelines

    Privacy Policy

    **Terms of Use**

    Platform Policy

    Cookies Policy

    Transparency Center

    Community Payments
    Terms

    Instagram Purchase
    Protection Policy

## Additional Rights We Retain

- If you select a username or similar identifier for your account, we may change it if we believe it is appropriate or necessary (for example, if it infringes someone's intellectual property or impersonates another user).

- If you use content covered by intellectual property rights that we have and make available in our Service (for example, images, designs, videos, or sounds we provide that you add to content you create or share), we retain all rights to our content (but not yours).

- You can only use our intellectual property and trademarks or similar marks as expressly permitted by our Brand Guidelines or with our prior written permission.

- You must obtain written permission from us or under an open source license to modify, create derivative works of, decompile, or otherwise attempt to extract source code from us.

## Content Removal and Disabling or Terminating Your Account

- We can remove any content or information you share on the Service if we believe that it violates these Terms of Use, our policies (including our Instagram Community Guidelines), or we are permitted or required to do so by law. We can refuse to provide or stop providing all or part of the Service to you (including terminating or disabling your access to the Meta Products and Meta Company Products) immediately to protect our community or services, or if you create risk or legal exposure for us, violate these Terms of Use or our policies (including our Instagram Community Guidelines), if you repeatedly

 **Help Center**

to do so by law. We can also terminate or change the Service, remove or block content or information shared on our Service, or stop providing all or part of the Service if we determine that doing so is reasonably necessary to avoid or mitigate adverse legal or regulatory impacts on us. If you believe your account has been terminated in error, or you want to disable or permanently delete your account, consult our **Help Center**. When you request to delete content or your account, the deletion process will automatically begin no more than 30 days after your request. It may take up to 90 days to delete content after the deletion process begins. While the deletion process for such content is being undertaken, the content is no longer visible to other users, but remains subject to these Terms of Use and our **Privacy Policy**. After the content is deleted, it may take us up to another 90 days to remove it from backups and disaster recovery systems.

- Content will not be deleted within 90 days of the account deletion or content deletion process beginning in the following situations:

  - where your content has been used by others in accordance with this license and they have not deleted it (in which case this license will continue to apply until that content is deleted); or

  - where deletion within 90 days is not possible due to technical limitations of our systems, in which case, we will complete the deletion as soon as technically feasible; or

  - where deletion would restrict our ability to:

    - investigate or identify illegal activity or violations of our terms and policies (for example, to identify or investigate misuse of our products or systems);

 **Help Center**                                    ■    ■

- comply with a legal obligation, such as the preservation of evidence; or

- comply with a request of a judicial or administrative authority, law enforcement, or a government agency;

- in which case, the content will be retained for no longer than is necessary for the purposes for which it has been retained (the exact duration will vary on a case-by-case basis).

- If you delete or we disable your account, these Terms shall terminate as an agreement between you and us, but this section and the section below called "Our Agreement and What Happens if We Disagree" will still apply even after your account is terminated, disabled, or deleted.

## Our Agreement and What Happens if We Disagree

**Our Agreement.**

- Your use of music on the Service is also subject to our Music Guidelines, and your use of our API is subject to our Meta Platform Terms and Developer Policies. If you use certain other features or related services, you will be provided with an opportunity to agree to additional terms that will also become a part of our agreement. For example, if you use payment features, you will be asked to agree to the Community Payment Terms. If any of those terms conflict with this agreement, those other terms will govern.

- If any aspect of this agreement is unenforceable, the rest will remain in effect.

 **Help Center**

not be a waiver.

- We reserve all rights not expressly granted to you.

**Who Has Rights Under this Agreement.**

- Our past, present, and future affiliates and agents, including Instagram LLC, can invoke our rights under this agreement in the event they become involved in a dispute. Otherwise, this agreement does not give rights to any third parties.

- You cannot transfer your rights or obligations under this agreement without our consent.

- Our rights and obligations can be assigned to others. For example, this could occur if our ownership changes (as in a merger, acquisition, or sale of assets) or by law.

**Who Is Responsible if Something Happens.**

- Our Service is provided "as is," and we can't guarantee it will be safe and secure or will work perfectly all the time. TO THE EXTENT PERMITTED BY LAW, WE ALSO DISCLAIM ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, AND NON-INFRINGEMENT.

- We also don't control what people and others do or say, and we aren't responsible for their (or your) actions or conduct (whether online or offline) or content (including unlawful or objectionable content). We also aren't responsible for services and features offered by other people or companies, even if you access them through our Service.

- Our responsibility for anything that happens on the Service (also called "liability") is limited as much as the law will allow. If there is an issue with our Service, we can't know what all the possible impacts might be. You agree that we won't be responsible ("liable") for any lost

 **Help Center**                                    ■    ■

punitive, or incidental damages arising out of or related to these Terms, even if we know they are possible. This includes when we delete your content, information, or account. Our aggregate liability arising out of or relating to these Terms will not exceed the greater of $100 or the amount you have paid us in the past twelve months.

- You agree to defend (at our request), indemnify and hold us harmless from and against any claims, liabilities, damages, losses, and expenses, including without limitation, reasonable attorney's fees and costs, arising out of or in any way connected with these Terms or your use of the Service. You will cooperate as required by us in the defense of any claim. We reserve the right to assume the exclusive defense and control of any matter subject to indemnification by you, and you will not in any event settle any claim without our prior written consent.

**How We Will Handle Disputes.**

- Except as provided below, **you and we agree that any cause of action, legal claim, or dispute between you and us arising out of or related to these Terms or Instagram ("claim(s)") must be resolved by arbitration on an individual basis. Class actions and class arbitrations are not permitted**; you and we may bring a claim only on your own behalf and cannot seek relief that would affect other Instagram users. If there is a final judicial determination that any particular claim (or a request for particular relief) cannot be arbitrated in accordance with this provision's limitations, then only that claim (or only that request for relief) may be brought in court. All other claims (or requests for relief) remain subject to this provision.

- Instead of using arbitration, you or we can bring claims in your local "small claims" court, if the rules of that court will allow it. If you don't bring your claims in small claims court (or if you or we appeal a small claims court judgment to a court of general jurisdiction),

 **Help Center**

arbitrations under its Consumer Arbitration Rules. **You and we expressly waive a trial by jury.**

The following claims don't have to be arbitrated and may be brought in court: disputes related to intellectual property (like copyrights and trademarks), violations of our Platform Policy, or efforts to interfere with the Service or engage with the Service in unauthorized ways (for example, automated ways). In addition, issues relating to the scope and enforceability of the arbitration provision are for a court to decide.

This arbitration provision is governed by the Federal Arbitration Act.

You can opt out of this provision within 30 days of the date that you agreed to these Terms. To opt out, you must send your name, residence address, username, email address or phone number you use for your Instagram account, and a clear statement that you want to opt out of this arbitration agreement, and you must send them here: Meta Platforms, Inc. ATTN: Instagram Arbitration Opt-out, 1601 Willow Rd., Menlo Park, CA 94025.

- Before you commence arbitration of a claim, you must provide us with a written Notice of Dispute that includes your name, residence address, username, email address or phone number you use for your Instagram account, a detailed description of the dispute, and the relief you seek. Any Notice of Dispute you send to us should be mailed to Meta Platforms, Inc., ATTN: Instagram Arbitration Filing, 1601 Willow Rd. Menlo Park, CA 94025. Before we commence arbitration, we will send you a Notice of Dispute to the email address you use with your Instagram account, or other appropriate means. If we are unable to resolve a dispute within thirty (30) days after the Notice of Dispute is received, you or we may commence arbitration.

 **Help Center**                    ■    ■

arbitrator fees for any arbitration we bring or if your claims seek less than $75,000 and you timely provided us with a Notice of Dispute. For all other claims, the costs and fees of arbitration shall be allocated in accordance with the arbitration provider's rules, including rules regarding frivolous or improper claims.

- For any claim that is not arbitrated or resolved in small claims court, you agree that it will be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County. You also agree to submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim.

- The laws of the State of California, to the extent not preempted by or inconsistent with federal law, will govern these Terms and any claim, without regard to conflict of law provisions.

**Unsolicited Material.**

We always appreciate feedback or other suggestions, but may use them without any restrictions or obligation to compensate you for them, and are under no obligation to keep them confidential.

## Updating These Terms

We may change our Service and policies, and we may need to make changes to these Terms so that they accurately reflect our Service and policies. Unless otherwise required by law, we will notify you (for example, through our Service) before we make changes to these Terms and give you an opportunity to review them before they go into effect. Then, if you continue to use the Service, you will be bound by the updated Terms. If you do not want to agree to these or any updated Terms, you can delete your account, [here](here).

Effective Date: 26 July 2022

 **Help Center**

Yes                                No

### Related Articles

Ads and how they're managed in the EU

Why has my account been restricted for data scraping and what can I do?

Why we added more information to our Terms

Instagram Badges Purchase Terms

About Threads

Information for Law Enforcement

About Us

API

Jobs

Terms

Privacy

from ∞ Meta                                    © 2024 Meta

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024000022
RBJ
FEB 21, 2024 06:01 PM

Lynne M. Policaro
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNT
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARSAINAH FERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | STSV2024000022 |
| v. | ) | |
| | ) | |
| META PLATFORMS, INC. d/b/a | ) | |
| INSTAGRAM, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT META PLATFORMS, INC.'S SPECIAL APPEARANCE MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT

Defendant Meta Platforms, Inc., ("Meta"), by and through its undersigned counsel, and by way of special appearance and without submitting to the jurisdiction of this Court, hereby files its Motion to Dismiss Plaintiff's Complaint (the "Complaint"). Or, in the alternative, pursuant to the Federal Arbitration Act ("FAA"), Meta requests that this Court compel arbitration for any claims not dismissed.

## INTRODUCTION

When Plaintiff Marsainah Ferrell ("Plaintiff") opened an account to use the Instagram service, she agreed to contract terms containing a valid and enforceable arbitration clause. For any claims arising out of her use of Instagram, Plaintiff agreed to resolve such disputes through binding arbitration, or in a California

court.

Meta is a California-based technology company that operates the Instagram service. Plaintiff, a resident of Stockbridge, Georgia seeks to adjudicate claims relating to her "verified business account" on Instagram. Compl. ¶ 11. Plaintiff does not delineate any specific causes of action, but the Complaint appears to invoke claims for negligence and breach of contract. The Complaint should be dismissed on three independent grounds:

*First*, the Complaint should be dismissed for improper venue. Plaintiff's claims cannot proceed in this Court because the parties agreed to resolve all claims between Plaintiff and Meta in venues other than Georgia. When Plaintiff opened her Instagram account, she agreed to be bound by the Instagram Terms of Use, which require her to resolve any claim, cause of action, or dispute between her and Meta that arises out of or relates to her access to or use of Instagram in arbitration. Even if Plaintiff could litigate her claims in a court, this Court is not a proper venue because Plaintiff was required to bring her claims in California pursuant to a valid forum selection clause. Accordingly, any claims arising out of or relating to Plaintiff's access to Instagram cannot be litigated in this Court.

*Second*, the Complaint should be dismissed for failure to state a claim upon which relief can be granted. With respect to breach of contract, Plaintiff appears to assert that an agreement has been breached but does not specify which agreement,

does not attach a contract to her complaint, and does not even plead the existence of an enforceable contract or any particular terms that were breached. With respect to negligence, Plaintiff asserts negligence on the part of Meta but does not plead that Meta had any duty to her to allow her to maintain an Instagram account.

*Third* and lastly, Plaintiff's claims are barred by Section 230 of the Communications Decency Act.

## FACTUAL BACKGROUND

### I. Plaintiff's Allegations

Ms. Ferrell is a resident of Stockbridge, Georgia. Compl. ¶ 1. She maintained a "verified business account" on Instagram with an alleged "907,000 followers and an engagement reach of 6 million impressions per week." *Id.* ¶ 11. Plaintiff alleges that on or about December 22, 2023, she lost access to this Instagram account. *Id.* ¶ 4. Plaintiff alleges that the lost access was attributed to violations of the Instagram Community Guidelines.[1] *Id.* ¶ 6.

Plaintiff alleges that she did not violate the Instagram Community Guidelines and speculates that her account might have been hacked or improperly suspended. *Id.*, ¶¶ 7-8. She alleges further that Meta acted negligently and "violated its own rules" when it removed Plaintiff's access to her account. *Id.* ¶ 5.

---

[1] Plaintiff mischaracterizes Instagram's "Community Guidelines" as "Community Standards." They will be referred to herein as "Community Guidelines."

Plaintiff alleges that by losing access to her account, she has lost a 3-year contract with a modeling agency and access to content on her account. *Id.*, ¶¶ 10, 13. As a remedy for the alleged loss of credibility and business, Plaintiff seeks compensatory damages in an amount not exceeding $75,000. *Id.*, ¶ 14.

## II.    Instagram's Terms of Use

By voluntarily creating her Instagram account, Plaintiff agreed to the Instagram Terms of Use, which require her to bring all disputes against Meta relating to Instagram in arbitration or, if they cannot be brought in arbitration, in a California court.[2]

The Instagram Terms of Use contain a mandatory arbitration provision:

Except as provided below, you and we agree that any cause of action, legal claim, or dispute between you and us arising out of or related to these Terms or Instagram ("claim(s)") must be resolved by arbitration on an individual basis… The following claims don't have to be arbitrated and may be brought

---

[2] Meta respectfully requests that the Court take judicial notice of the Instagram Terms of Use. Judicial notice is appropriate where the fact is "not subject to reasonable dispute because it (1) is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." O.C.G.A. § 24-2-201(b)(1)-(2). Courts throughout the country have found terms of service posted on the internet appropriate for judicial notice. *See e.g., Force v. Facebook,* 934 F.3d 53 (2d Cir. 2019) (explaining that Facebook's publicly available terms of service are subject to judicial notice); *Lloyd v. Facebook, Inc*., 2022 WL 4913347, at *8 (N.D. Cal. Oct. 3, 2022) (citing cases finding judicial notice of publicly accessible terms of service appropriate); *Patel v. Univ. of Vermont & State Agric. Coll.,* 526 F. Supp.3d 3, 19 (D. Vt. 2021) (finding judicial notice of terms of use appropriate and citing cases in support).

in court: disputes related to intellectual property (like copyrights and trademarks), violations of our Platform Policy, or efforts to interfere with the Service or engage with the Service in unauthorized ways (for example, automated ways).

Exhibit 1, at § How We Will Handle Disputes (Instagram Terms of Use). There is also a forum selection clause that sets venue for disputes either in a local small claims court or a court in California:

> Instead of using arbitration, you or we can bring claims in your local "small claims" court, if the rules of that court will allow it.
>
> *     *     *
>
> For any claim that is not arbitrated or resolved in small claims court, you agree that it will be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County. You also agree to submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim. The laws of the State of California, to the extent not preempted by or inconsistent with federal law, will govern these Terms and any claim, without regard to conflict of law provisions.

*Id.* Additionally, pursuant to the Instagram Terms of Use, California law governs the agreement and any claim between Plaintiff and Meta relating to Instagram:

> The laws of the State of California, to the extent not preempted by or inconsistent with federal law, will govern these Terms and any claim, without regard to conflict of law provisions.

*Id.*

## STANDARD OF REVIEW

Georgia has adopted the U.S. Supreme Court's ruling that forum-selection clauses are "prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *Harry S.*

5

*Peterson Co. v. Nat'l Union Fire Ins. Co.*, 209 Ga. App. 585, 590 (1993); *The Bremen v. Zapata Off-Shore Co.*, 407 U. S. 1 (1972). To invalidate a forum-selection clause, the party opposing the provision "must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court." *Houseboat Store v. Chris-Craft Corp.*, 302 Ga. App. 795, 797 (2010). Additionally, a freely negotiated agreement "should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power." *Laibe Corp. v. General Pump & Well, Inc.,* 317 Ga. App. 827, 831–32 (2012).

A motion to dismiss for failure to state a claim should be granted when "the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof." *Anderson v. Daniel*, 314 Ga. App. 394, 395 (2012). Said differently, "[a complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." *Rossville Fed. Sav. & Loan Asso. v. Ins. Co. of N. Am.*, 121 Ga. App. 435, 438-39 (1970). "[D]espite the liberal construction given a pleading, unwarranted deductions of fact are not admitted." *Id.*

Moreover, while the trial court must assume well-pled facts to be true, this rule does not apply to conclusory statements. *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 87 (2014) ("While a trial court is required to consider a non-moving party' s factual allegations to be true, it is not required to accept the legal conclusions the non-party suggests that those facts dictate.").

## **ARGUMENT**

### I. The Complaint Should Be Dismissed for Improper Venue.

#### A. The Complaint Should Be Dismissed Because the Instagram Terms of Use Mandates Resolving This Dispute Through Binding Arbitration.

As a threshold matter, Plaintiff cannot bring her claims in this Court, and the Complaint should be dismissed. Plaintiff's claims relate to the Instagram service, and filing her claims in this Court violates the Instagram Terms of Use. Pursuant to O.C.G.A. 9-11-12(b)(3), this Court should dismiss the Complaint with prejudice.

Georgia courts routinely enforce arbitration clauses unless the opposing party shows that enforcement would be unconscionable. *See West v. Bowser*, 365 Ga. App. 517, 521 (2022) (upholding enforcement of arbitration agreement and finding that arbitration agreements generally are not in contravention of the public policy of Georgia); *see also CL SNF, LLC v. Fountain*, 264 Ga. App. 371, 374 (2021) (holding that the validity of an arbitration clause is viewed from the perspective of substantive and procedural unconscionability). Indeed, Plaintiff

bears the burden of proving that enforcement of the arbitration clause is unconscionable. *See Innovative Images, LLC v. Summerville*, 309 Ga. 675, 687 (2020) (holding that the complaining party bears the burden of proving unconscionability). By voluntarily opening an Instagram account, Plaintiff agreed to the Instagram Terms of Use, which requires Plaintiff to resolve any cause of action, legal claim, or dispute with Meta arising out or related to her use of Instagram by arbitration. *See* Exhibit 1, Instagram Terms of Use.

Here, Plaintiff explicitly states that her claims relate to her suspended Instagram account. *See* Compl., ¶¶ 4-6. More specifically, she alleges that she had a "verified business account" on Instagram with "907,000 followers and an engagement reach of 6 million impressions per week" to whom she would "promote[] fitness, workout supplements" and "other companies" and "Instagram's conduct...proximately caused [her] harm." Compl. ¶¶ 10-12. Thus, enforcement of the agreed-to arbitration provision is mandatory. *See Wedemeyer v. Gulfstream Aerospace Corp*., 324 Ga. App. 47, 47 (2013) (holding that "Georgia courts are required to uphold valid arbitration provisions in contracts."). The clause at issue here is valid and enforceable because there exist no grounds for the revocation of the agreement, and both California and Georgia have adopted pro-arbitration statutes and polices.

### 1.    The FAA and State Law Require Enforcement of Meta's Arbitration Agreement.

The parties explicitly acknowledge in the Terms of Use that "[t]his arbitration provision is governed by the Federal Arbitration Act." Exhibit 1. Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).

Similarly, both the California and Georgia legislatures have adopted pro-arbitration statutes and policies. *See* O.C.G.A. § 9-9-3 (2022) ("A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit any controversy thereafter arising to arbitration is enforceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award."); Cal. Civ. Proc. Code §§ 1280−1294.2 (governing arbitration agreements, proceedings, and awards in California); *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 780-81 (2012) ("Under federal as well as California law, there is a strong public policy favoring arbitration" such that "arbitration

agreements are valid, irrevocable, and enforceable, except upon grounds that exist for the revocation of a contract generally.").

Courts across the country have found Meta's arbitration provisions enforceable. *See Lag Shot LLC v. Facebook, Inc.*, No. 21-CV-01495-JST, 2021 WL 2660433 (N.D. Cal. June 25, 2021) (enforcing the arbitration clause in Facebook's Commercial Terms); *Kangapoda Corp. v. Facebook, Inc.*, No. CV 21-9168-JXN-AME, 2021 WL 11721658, at *3 (D.N.J. Dec. 13, 2021) (same); *McMahon v. Meta Platforms, Inc.*, No. 2:23-CV-00171-RSL, 2023 WL 4546377, at *3 (W.D. Wash. July 14, 2023) (same).

Here, Plaintiff has not made any showing that the arbitration agreement in the Terms of Use—to which Plaintiff agreed when she created her Instagram account—is not enforceable or that any grounds exist for revocation. Thus, the arbitration agreement is presumed valid and must be enforced under FAA and Georgia law.

> ### 2. The Arbitration Agreement Encompasses Plaintiff's Claims.

The arbitration agreement contained in the Terms of Use broadly applies to "any cause of action, legal claim, or dispute between you and us arising out of or related to these Terms or Instagram..." Exhibit 1. While there is a limited carve-out for disputes related to intellectual property or violations of the Platform Policy, Plaintiff does not specify which agreements allegedly have been breached

by Meta. Rather, the Complaint states that Meta "violated its own rules." Compl. ¶ 5.

This arbitration provision is applicable to Plaintiff's claims whether they sound in tort or contract. This is because both Meta's alleged conduct and Plaintiff's alleged injury pertain directly to her Instagram account. She brings this suit because Meta suspended her account and claims she was injured because the account suspension caused her to lose access to her valuable content, as well as a modeling contract. Compl. ¶¶ 4-5, 10-13. Indeed, when faced with similar facts and similarly broad arbitration language, the Eleventh Circuit has unequivocally found that arbitration language like that in the Terms of Use encompass such situations. *See Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) ("The language of the clause at issue is brief, unequivocal and all-encompassing . . . [and b]y using this inclusive language, the parties agreed to arbitrate any and all claims against each other, with no exceptions.").

Even if there were any doubt as to whether Plaintiff's claims against Defendant fall within the scope of the arbitration agreement, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *JPay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.

1, 24-25 (1983)); *see also Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1417-19

(2019); *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115 (11th Cir. 2014).

Thus, the Court should dismiss this case in favor of arbitration.

**B.** **This Court Is Not the Proper Venue for Litigating Plaintiff's Claims Pursuant to the Valid and Enforceable Forum Selection Clause.**

This Court is an improper venue because the valid and enforceable forum

selection clause requires litigation in California if the dispute is not resolved

through arbitration or a local small claims court. *See* Exhibit 1 ("For any claim

that is not arbitrated or resolved in small claims court, you agree that it will be

resolved exclusively in the U.S. District Court for the Northern District of

California or a state court located in San Mateo County."). The Georgia Court of

Appeals has held that "forum-selection clauses are prima facia valid and should be

enforced unless the opposing party shows enforcement would be unreasonable

under the circumstances." *Laibe Corp.*, 317 Ga. App. at 831 (citing *Constructores

Asociados de Vivienda y Urbanizacion, S.A. de C.V. v. Bennett Motor Express,

LLC*, 308 Ga. App. 67, 69 (2011). Where a complaint is filed in the improper

venue and there is no other Georgia court in which venue would be proper, the

appropriate response is to dismiss the case under O.C.G.A. § 9-11-12(b)(3). *See

Laibe*, 317 Ga. App. at 831 (directing lower court to dismiss complaint where

valid forum selection clause made venue improper in any Georgia Court).

To invalidate a forum-selection clause, the opposing party must demonstrate that "trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court." *Id.* "[A]bsent a compelling reason such as fraud, undue influence, or overweening bargaining power," the Parties' agreement should be upheld. *Id.*

While Plaintiff may argue that litigating in California is less convenient for her, mere inconvenience is insufficient. *See id.* Plaintiff cannot meet her burden of establishing that litigating their claims in California would be so inconvenient that she would be deprived of her day in court. Furthermore, there is no allegation that Plaintiff's agreement to the Instagram Terms of Use was obtained by "fraud, undue influence, or overweening bargaining power." *Iero v. Mohawk Finishing Prod., Inc.,* 243 Ga. App. 670, 671 (2000). In short, there is no allegation to support a claim that it would be unreasonable or unfair to enforce the forum selection clause.

Further, public policy affirmatively favors the enforcement of this forum selection clause. This is because "striking [Meta's] forum selection clause could wreak havoc on the entire social-networking internet industry." *Miller v. Facebook, Inc.*, Civil Action No. 1:09-CV-2810-RLV, 2010 WL 9525523, at *1 (N.D. Ga. Jan. 15, 2010) (granting motion to transfer based on Meta's forum selection clause). Courts around the country have routinely held that Meta's forum selection clause is valid and enforceable. *See, e.g., Johnson v. Meta Platforms,*

*Inc.*, Civil Action No. 22-cv-00033-RDB, 2022 WL 4777586, *3 (D. Md. Oct. 3, 2022) (granting motion to transfer to N.D. Cal. pursuant to forum selection clause); *Loomer v. Facebook, Inc.*, No. 19-CV-80893, 2020 WL 2926357 at *3 (S.D. Fla. Apr. 13, 2020); *Hayes v. Facebook, Inc.,* No. 18-cv-02333-MEH, 2019 WL 8275335, at *3 (D. Colo. Mar. 6, 2019) (same); *Kidstar v. Facebook, Inc.*, Civil Action No. 2:18-cv-13558, 2020 WL 4382279, at *3 (D.N.J. July 31, 2020) (same).

Accordingly, the valid and enforceable forum selection clause mandates litigating Plaintiff's claims in California if the dispute is not resolved through arbitration. Therefore, the Complaint should be dismissed.

## II.     This Case Should Be Dismissed Under O.C.G.A. § 9-11-12(b)(6) for Failure to State a Claim.

Georgia courts grant a defendant's motion to dismiss for failure to state a claim under O.C.G.A. § 9-11-12(b)(6), when the plaintiff "would not be entitled to relief under any state of provable facts asserted in support" of the allegations in the complaint and "could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought." *Austin v. Clark*, 294 Ga. 773, 774–775 (2014) (internal citation omitted). Here, Plaintiff's Complaint has not articulated a clear cause of action, so Meta addresses the claims that the Complaint could be construed to assert. Per the Terms of Use, California state law governs claims arising out of the use of the Instagram service. *See* Exhibit 1. In

ruling on a motion to dismiss, a Georgia court may consider the answer, the

complaint, and documents attached to either the answer or the complaint and

explicitly incorporated therein by reference. *See Petree v. Dep't of Transportation*,

340 Ga. App. 694 (2017).

### A. Plaintiff Fails to State a Claim for Breach of Contract.

#### 1. Plaintiff Has Not Identified the Specific Contract Provision Violated.

"To properly plead breach of contract, the [breached] terms must be set out

verbatim in the body of the complaint." *Harris v. Rudin, Richman & Appel*, 74 Cal.

App. 4th 299, 307 (1999); *see also Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d

1056 (N.D. Cal. 2016) ("To properly plead breach of contract, '[t]he complaint

must identify the specific provision of the contract allegedly breached by the

defendant.'") (internal citation omitted), *aff'd*, 700 F. App'x 588 (9th Cir. 2017).

Failure to identify the specific contract provision is fatal to a plaintiff's claim for

breach. *See, e.g.*, *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal.

2011) (dismissing breach of contract claim where plaintiff failed to allege specific

provision that Facebook purportedly violated); *Ebeid v. Facebook, Inc.*, No. 18-cv-

7030-PJH, 2019 WL 2059662, at *7 (N.D. Cal. 2019) (same). Georgia law agrees.

*See Crayton v. JPMorgan Chase Bank, N.A.,* No. 1:16-CV-577-TWT, 2017 WL

5133224, at *5 (N.D. Ga. Nov. 6, 2017) (holding that "to succeed on a breach of

contract claim in Georgia, a plaintiff must allege a particular contractual provision

that the defendant violated.").

Here, the Complaint fails to articulate the contract or contractual provision at issue. This is fatal to any breach claim that could be read into the Complaint. Accordingly, Plaintiff's claim should be dismissed.

Moreover, the Terms of Use expressly provide that Meta may, in response to violative conduct, "remove any content or information you share on the Service" and "can refuse to provide or stop providing all or part of the Service to you (including terminating or disabling your access to the Meta Products and Meta Company Products) immediately to protect our community or services…." *See* Exhibit 1. The Terms of Use provide Meta broad discretion to disable an account.

The deactivation of Plaintiff's Instagram account cannot—as a matter of law—give rise to an action for breach of contract, as numerous courts have held. *See, e.g.*, *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 206 (2017) (dismissing breach of contract claim related to content removal); *Young*, 790 F. Supp. 2d at 1117 (finding no provision prohibited Facebook from terminating an account in the manner alleged); *King v. Facebook, Inc.*, No. 19-cv-01987, 2019 WL 6493968, at *2 (N.D. Cal. Dec. 3, 2019) (same). Like the terms of service at issue in those cases, the Terms of Use here define Meta's obligations, and nothing in them obligates Meta to provide continued access to a user's account.

## 2. The Terms of Use Preclude Liability in This Circumstance.

Plaintiff's apparent breach of contract claim should be dismissed because any recovery is limited by the enforceable limitation of liability provision in the Terms of Use. Waivers of liability that are "clear, unambiguous, and explicit bar claims that expressly fall within their scope." *Murphy v. Twitter, Inc.,* 60 Cal. App. 5th 12, 35 (2021). Here, Meta disclaims liability for certain damages, including "any lost profits, revenues, information, or data, or consequential, special, indirect, exemplary, punitive, or incidental damages arising out of or related to these Terms, even if we know they are possible." Exhibit 1, Who Is Responsible if Something Happens. The subsection goes on to note that "this includes when we delete your content, information, or account." Thus, even if Plaintiff *could* assert a breach of contract based on the loss of access to her account, Meta is not liable for any damages arising from that loss, including but not limited to the alleged loss of account content, promotional reach, or modeling opportunities. *See Lewis v. YouTube, LLC*, 244 Cal. App. 4th 118, 125 (2015) (enforcing YouTube's limitation of liability clause which encompassed plaintiff's claim that YouTube wrongfully failed to include her videos on its website); *King v. Facebook Inc.*, No. 21-cv-04573, 2022 WL 1188873, at *6 (N.D. Cal. Apr. 20, 2022) (barring claims

for special damages due to Facebook's Terms of Use limitation of liability provision).

Accordingly, Plaintiff's claim for breach should be dismissed for failure to state a claim.

## B. Plaintiff Fails to State a Claim for Negligence.

Any negligence claim read into the Complaint should be dismissed for its failure to plead an essential element: a duty owed to Plaintiff. It is axiomatic in both California and Georgia that for a negligence claim to be sufficiently plead, it must allege that the Meta owed a duty to Plaintiff.[3]

The sum of Plaintiff's allegations related to negligence are that Meta "upon information and belief…was negligent," and "Instagram's conduct was negligent." Compl. ¶¶ 5, 10, 13. Assuming that the allegations about Meta "violat[ing] its own rules" sound in tort rather than contract, Plaintiff's Complaint does not articulate why any of these vague and conclusory statements could contain a duty that is

---

[3] *See Saffore v. Jones,* No. B309099, 2023 WL 2420804, at *6 (Cal. Ct. App. Mar. 9, 2023) ("To succeed in a negligence action, the plaintiff must show that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the duty, and (3) the breach proximately or legally caused (4) the plaintiff's damages or injuries."); *Harpe v. Shoney's, Inc.*, 203 Ga. App. 592, 593 (1992) (holding that "To establish a claim based on negligence, four elements must be shown: (1) a legal duty; (2) a breach thereof; (3) a legally attributable causal connection between the breach of duty and the resulting injury; and (4) damage to the injured party's legally protected interest.").

owed to her. Compl. ¶¶ 6, 20. For failing to meet the standards of pleading, Plaintiff's unspecified negligence claim should be dismissed.

## III. This Case Should Be Dismissed Because Section 230 Bars Plaintiff's Claims.

Plaintiff's claims independently fail because each is barred as a matter of law by Section 230 of the Communications Decency Act. 47 U.S.C. § 230 *et al*. Section 230(c)(1) states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230(e)(3) gives teeth to this intent by stating unequivocally that "[n]o cause of action may be brought, and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

Under Section 230(c)(1), a claim is barred if: (1) the defendant is a service provider or user of an interactive computer service, (2) the information at issue was provided by a content provider other than the defendant, and (3) the cause of action treats the defendant as a publisher or speaker of the information. *See Internet Brands, Inc. v. Jape*, 328 Ga. App. 272, 276 (2014); 47 U.S.C. § 230(c)(1). Plaintiff's claims meet all three criteria under Section 230 and should be dismissed.

### A. Instagram is an Interactive Computer Service Provider.

Section 230 defines an interactive computer service provider as "any information service, system, or access software provider that provides or enables

computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2).

Courts have uniformly held that the Instagram Service meet Section 230's

"interactive computer service" definition. *See, e.g.*, *Franklin v. X Gear 101, LLC*,

No. 17CIV6452GBDGWG, 2018 WL 3528731, at *19 (S.D.N.Y. July 23, 2018)

("[B]ecause we see no difference between Instagram and the other platforms held

to be providers of an interactive computer service, we conclude that Instagram so

qualifies as well".); *Marfione v. KAI U.S.A., Ltd.*, No. CV 17-70, 2018

WL1519042, at *6 (W.D. Pa. Mar. 28, 2018) ("[plaintiff] is a user of an

'interactive computer service', i.e., Instagram"). Accordingly, the first Section 230

requirement is satisfied here.

### B.   The Content at Issue Was Supplied by Another Information Content Provider.

Section 230 bars claims when the content at issue for which a plaintiff seeks

to hold a defendant liable comes from an "information content provider" other than

the defendant. 47 U.S.C. § 230(c)(1). Here, the content at issue is the information

posted to Plaintiff's account. Plaintiff acknowledges that she—not Meta—created

the content. *See* Compl. ¶¶ 5, 13 ("Plaintiff promotes fitness, workout supplements,

and does general promotions for other companies from her account."); *Jefferson v.*

*Zuckerberg*, No. RDB-17-3299, 2018 WL 324134, at *5 (D. Md. July 3, 2018)

(requirement met where "nothing in the Complaint suggests that Facebook was

itself 'responsible' for the 'creation' or 'development' of any content"). The

Complaint contains no allegations that Meta provided or otherwise contributed any content. Because all content at issue here was supplied by an information content provider other than Meta—namely Plaintiff herself—the second Section 230 requirement is met.

### C. The Complaint Seeks to Hold Meta Liable for Its Purported Exercise of a Publisher's Traditional Editorial Functions.

Under Section 230, a claim seeks to treat a defendant as a publisher when it seeks to hold a service provider liable for its exercise of traditional editorial functions—such as deciding whether to publish, withdraw, postpone, or alter content. *See Dowbenko v. Google Inc.*, 582 F. App'x 801, 805 (11th Cir. 2014) (citing *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir.1997)). "[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170-71 (9th Cir. 2008).

Here, Plaintiff's Complaint is exactly the type of lawsuit Section 230 bars. Plaintiff seeks to hold Meta liable for damages allegedly arising from the decision to deactivate her account, a traditional editorial function under Section 230. *See* Compl. ¶ 6; *McCall v. Zotos,* No. 22-11725, 2023 WL 3946827, at *3 (11th Cir. June 12, 2023). Accordingly, the third Section 230 requirement is met.

With all three requirements met, Section 230 bars Plaintiff's claims, and this

Court should dismiss the Complaint with prejudice. *See, e.g., Zimmerman v. Facebook, Inc.*, No. 19-cv-04591-VC, 2020 WL 5877863 (N.D. Cal. Oct. 2, 2020) (dismissing under Section 230 claims relating disabling access to plaintiff's Facebook profile); *Ebeid v. Facebook, Inc.*, 2019 WL 2059662, at *5 (N.D. Cal. May 9, 2019) (dismissing under Section 230 claim predicated on restricting or suspending access to account).

## IV.     The Claims Against Meta Should Be Dismissed with Prejudice Because Amendment Would Be Futile.

"[A]n opportunity to amend need not be given if amendment would be futile." *Sadiq v. Weller*, 610 F. App'x 964, 964 (11th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678). Amendment would be futile if, as here, Plaintiff cannot plead any facts that would cure the defects in her original pleading, such that any amended pleading would still fail to state a viable claim. *See Oltmanns v. Int'l Longshoremen's Ass'n,* 837 F. App'x 689, 697 (11th Cir. 2020). As explained above, the arbitration and forum selection clauses in the Instagram Terms of Use control where Plaintiff can litigate her claims and no amendment to the Complaint can change this. Accordingly, Plaintiff's Complaint against Meta should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety with prejudice. In the alternative, the Court should compel Plaintiff to arbitrate her

claims.

Respectfully submitted, this 21st day of February, 2024.

/s/ *Jeffrey D. Horst*
Jeffrey D. Horst
Georgia Bar No. 367834
Kana Caplan
Georgia Bar No. 621805

KREVOLIN & HORST, LLC
1201 W. Peachtree St. NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)
horst@khlawfirm.com
caplan@khlawfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date served a true and correct copy of the

foregoing ***Defendant Meta Platforms, Inc.'s Special Appearance Motion to***

***Dismiss or, in the Alternative, Motion to Compel Arbitration and Memorandum***

***of Law in Support*** by filing the same into the PeachCourt electronic filing system,

which automatically provides notice and service to all parties of record, and by

First Class US Mail with adequate postage affixed thereon to ensure delivery to:

Marsainah Ferrell
119 Glen Eagle Way
McDonough, GA 30253

This 21st day of February, 2024.

*/s/ Jeffrey D. Horst*
Jeffrey D. Horst
Georgia Bar No. 367834
Kana Caplan
Georgia Bar No. 621805

KREVOLIN & HORST, LLC
1201 W. Peachtree St. NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)
horst@khlawfirm.com
caplan@khlawfirm.com

# EXHIBIT 1

 **Help Center**

*Terms and Policies*

# Terms of Use

Welcome to Instagram!

These Terms of Use (or "Terms") govern your use of Instagram, except where we expressly state that separate terms (and not these) apply, and provide information about the Instagram Service (the "Service"), outlined below. When you create an Instagram account or use Instagram, you agree to these terms. The Meta Terms of Service do not apply to this Service.

The Instagram Service is one of the Meta Products, provided to you by Meta Platforms, Inc. These Terms of Use therefore constitute an agreement between you and Meta Platforms, Inc.

ARBITRATION NOTICE: YOU AGREE THAT DISPUTES BETWEEN YOU AND US WILL BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION AND YOU WAIVE YOUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR CLASS-WIDE ARBITRATION. WE EXPLAIN SOME EXCEPTIONS AND HOW YOU CAN OPT OUT OF ARBITRATION BELOW.

## The Instagram Service

We agree to provide you with the Instagram Service. The Service includes all of the Instagram products, features, applications, services, technologies, and software that we provide to advance Instagram's mission: To bring you closer to the people and things you love. The Service is made up of the following aspects:

 **Help Center**                                         ■      ■

different types of accounts and features to help you create, share, grow your presence, and communicate with people on and off Instagram. We also want to strengthen your relationships through shared experiences that you actually care about. So we build systems that try to understand who and what you and others care about, and use that information to help you create, find, join and share in experiences that matter to you. Part of that is highlighting content, features, offers and accounts that you might be interested in, and offering ways for you to experience Instagram, based on things that you and others do on and off Instagram.

- **Fostering a positive, inclusive, and safe environment.**
  We develop and use tools and offer resources to our community members that help to make their experiences positive and inclusive, including when we think they might need help. We also have teams and systems that work to combat abuse and violations of our Terms and policies, as well as harmful and deceptive behavior. We use all the information we have-including your information-to try to keep our platform secure. We also may share information about misuse or harmful content with other Meta Companies or law enforcement. Learn more in the **Privacy Policy**.

- **Developing and using technologies that help us consistently serve our growing community.**
  Organizing and analyzing information for our growing community is central to our Service. A big part of our Service is creating and using cutting-edge technologies that help us personalize, protect, and improve our Service on an incredibly large scale for a broad global community. Technologies like artificial intelligence and machine learning give us the power to apply complex processes across our Service. Automated technologies also help us ensure the functionality and integrity of our Service.

 **Help Center**

■  ■

Products.
Instagram is part of the Meta Companies, which share technology, systems, insights, and information-including the information we have about you (learn more in the **Privacy Policy**) in order to provide services that are better, safer, and more secure. We also provide ways to interact across the Meta Company Products that you use, and designed systems to achieve a seamless and consistent experience across the Meta Company Products depending on your choices.

- **Ensuring access to our Service.**
  To operate our global Service, we must store and transfer data across our systems around the world, including outside of your country of residence. The use of this global infrastructure is necessary and essential to provide our Service. This infrastructure may be owned or operated by Meta Platforms, Inc., Meta Platforms Ireland Limited, or their affiliates.

- **Connecting you with brands, products, and services in ways you care about.**
  We use data from Instagram and other Meta Company Products, as well as from third-party partners, to show you ads, offers, and other sponsored content that we believe will be meaningful to you. And we try to make that content as relevant as all your other experiences on Instagram.

- **Research and innovation.**
  We use the information we have to study our Service and collaborate with others on research to make our Service better and contribute to the well-being of our community.

## How Our Service Is Funded

Instead of paying to use Instagram, by using the Service covered by these Terms, you acknowledge that we can show you ads that businesses and

 **Help Center**

as information about your activity and interests, to show you ads that are more relevant to you.

We show you relevant and useful ads without telling advertisers who you are. We don't sell your personal data. We allow advertisers to tell us things like their business goal and the kind of audience they want to see their ads. We then show their ad to people who might be interested.

We also provide advertisers with reports about the performance of their ads to help them understand how people are interacting with their content on and off Instagram. For example, we provide general demographic and interest information to advertisers to help them better understand their audience. We don't share information that directly identifies you (information such as your name or email address that by itself can be used to contact you or identifies who you are) unless you give us specific permission. Learn more about how Instagram ads work here.

You may see branded content on Instagram posted by account holders who promote products or services based on a commercial relationship with the business partner mentioned in their content. You can learn more about this here.

## The Privacy Policy

Providing our Service requires collecting and using your information. The **Privacy Policy** explains how we collect, use, and share information across the Meta Products. It also explains the many ways you can control your information, including in the Instagram Privacy and Security Settings. You must agree to the Privacy Policy to use Instagram.

## Your Commitments

In return for our commitment to provide the Service, we require you to make the below commitments to us.

 **Help Center**

we need you to commit to a few restrictions in order to be part of the Instagram community.

- You must be at least 13 years old.

- You must not be prohibited from receiving any aspect of our Service under applicable laws or engaging in payments related Services if you are on an applicable denied party listing.

- We must not have previously disabled your account for violation of law or any of our policies.

- You must not be a convicted sex offender.

**How You Can't Use Instagram.** Providing a safe and open Service for a broad community requires that we all do our part.

- **You can't impersonate others or provide inaccurate information.**
  You don't have to disclose your identity on Instagram, but you must provide us with accurate and up to date information (including registration information), which may include providing personal data. Also, you may not impersonate someone or something you aren't, and you can't create an account for someone else unless you have their express permission.

- **You can't do anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose.**

- **You can't violate (or help or encourage others to violate) these Terms or our policies, including in particular the Instagram Community Guidelines, Meta Platform Terms and Developer Policies, and Music Guidelines.** If you post branded content, you must comply with our Branded Content Policies, which require you to use our branded content tool. Learn how to report conduct or content in our Help Center.

 **Help Center**                                  ■    ■

This includes misusing any reporting, dispute, or appeals channel, such as by making fraudulent or groundless reports or appeals.

- **You can't attempt to create accounts or access or collect information in unauthorized ways.**
  This includes creating accounts or collecting information in an automated way without our express permission.

- **You can't sell, license, or purchase any account or data obtained from us or our Service.**
  This includes attempts to buy, sell, or transfer any aspect of your account (including your username); solicit, collect, or use login credentials or badges of other users; or request or collect Instagram usernames, passwords, or misappropriate access tokens.

- **You can't post someone else's private or confidential information without permission or do anything that violates someone else's rights, including intellectual property rights (e.g., copyright infringement, trademark infringement, counterfeit, or pirated goods).**
  You may use someone else's works under exceptions or limitations to copyright and related rights under applicable law. You represent you own or have obtained all necessary rights to the content you post or share. Learn more, including how to report content that you think infringes your intellectual property rights, **here**.

- **You can't modify, translate, create derivative works of, or reverse engineer our products or their components.**

- **You can't use a domain name or URL in your username without our prior written consent.**

**Permissions You Give to Us.** As part of our agreement, you also give us permissions that we need to provide the Service.

- **We do not claim ownership of your content, but you grant us a license to use it.**

 **Help Center**                                    ■    ■

content that you post on or through the
Service and you are free to share your content
with anyone else, wherever you want.
However, we need certain legal permissions
from you (known as a "license") to provide the
Service. When you share, post, or upload
content that is covered by intellectual
property rights (like photos or videos) on or in
connection with our Service, you hereby grant
to us a non-exclusive, royalty-free,
transferable, sub-licensable, worldwide license
to host, use, distribute, modify, run, copy,
publicly perform or display, translate, and
create derivative works of your content
(consistent with your privacy and application
settings). This license will end when your
content is deleted from our systems. You can
delete content individually or all at once by
deleting your account. To learn more about
how we use information, and how to control
or delete your content, review the **Privacy
Policy** and visit the Instagram Help Center.

- **Permission to use your username, profile
  picture, and information about your
  relationships and actions with accounts, ads,
  and sponsored content.**
  You give us permission to show your
  username, profile picture, and information
  about your actions (such as likes) or
  relationships (such as follows) next to or in
  connection with accounts, ads, offers, and
  other sponsored content that you follow or
  engage with that are displayed on Meta
  Products, without any compensation to you.
  For example, we may show that you liked a
  sponsored post created by a brand that has
  paid us to display its ads on Instagram. As
  with actions on other content and follows of
  other accounts, actions on sponsored content
  and follows of sponsored accounts can be
  seen only by people who have permission to
  see that content or follow. We will also respect
  your ad settings. You can learn more here
  about your ad settings.

- **You agree that we can download and install
  updates to the Service on your device.**

 **Help Center**

■  ■

Instagram Features

Manage Your Account

Staying Safe

Privacy, Security and
Reporting

Terms and Policies

   Community Guidelines

   Privacy Policy

   **Terms of Use**

   Platform Policy

   Cookies Policy

   Transparency Center

   Community Payments
   Terms

   Instagram Purchase
   Protection Policy

## Additional Rights We Retain

- If you select a username or similar identifier for your account, we may change it if we believe it is appropriate or necessary (for example, if it infringes someone's intellectual property or impersonates another user).

- If you use content covered by intellectual property rights that we have and make available in our Service (for example, images, designs, videos, or sounds we provide that you add to content you create or share), we retain all rights to our content (but not yours).

- You can only use our intellectual property and trademarks or similar marks as expressly permitted by our **Brand Guidelines** or with our prior written permission.

- You must obtain written permission from us or under an open source license to modify, create derivative works of, decompile, or otherwise attempt to extract source code from us.

## Content Removal and Disabling or Terminating Your Account

- We can remove any content or information you share on the Service if we believe that it violates these Terms of Use, our policies (including our **Instagram Community Guidelines**), or we are permitted or required to do so by law. We can refuse to provide or stop providing all or part of the Service to you (including terminating or disabling your access to the Meta Products and Meta Company Products) immediately to protect our community or services, or if you create risk or legal exposure for us, violate these Terms of Use or our policies (including our **Instagram Community Guidelines**), if you repeatedly

 **Help Center**

to do so by law. We can also terminate or change the Service, remove or block content or information shared on our Service, or stop providing all or part of the Service if we determine that doing so is reasonably necessary to avoid or mitigate adverse legal or regulatory impacts on us. If you believe your account has been terminated in error, or you want to disable or permanently delete your account, consult our **Help Center**. When you request to delete content or your account, the deletion process will automatically begin no more than 30 days after your request. It may take up to 90 days to delete content after the deletion process begins. While the deletion process for such content is being undertaken, the content is no longer visible to other users, but remains subject to these Terms of Use and our **Privacy Policy**. After the content is deleted, it may take us up to another 90 days to remove it from backups and disaster recovery systems.

- Content will not be deleted within 90 days of the account deletion or content deletion process beginning in the following situations:

  - where your content has been used by others in accordance with this license and they have not deleted it (in which case this license will continue to apply until that content is deleted); or

  - where deletion within 90 days is not possible due to technical limitations of our systems, in which case, we will complete the deletion as soon as technically feasible; or

  - where deletion would restrict our ability to:

    - investigate or identify illegal activity or violations of our terms and policies (for example, to identify or investigate misuse of our products or systems);

 **Help Center**                    ■    ■

- comply with a legal obligation, such as the preservation of evidence; or

- comply with a request of a judicial or administrative authority, law enforcement, or a government agency;

- in which case, the content will be retained for no longer than is necessary for the purposes for which it has been retained (the exact duration will vary on a case-by-case basis).

- If you delete or we disable your account, these Terms shall terminate as an agreement between you and us, but this section and the section below called "Our Agreement and What Happens if We Disagree" will still apply even after your account is terminated, disabled, or deleted.

## Our Agreement and What Happens if We Disagree

**Our Agreement.**

- Your use of music on the Service is also subject to our Music Guidelines, and your use of our API is subject to our Meta Platform Terms and Developer Policies. If you use certain other features or related services, you will be provided with an opportunity to agree to additional terms that will also become a part of our agreement. For example, if you use payment features, you will be asked to agree to the Community Payment Terms. If any of those terms conflict with this agreement, those other terms will govern.

- If any aspect of this agreement is unenforceable, the rest will remain in effect.

 **Help Center** ■ ■

not be a waiver.

- We reserve all rights not expressly granted to you.

**Who Has Rights Under this Agreement.**

- Our past, present, and future affiliates and agents, including Instagram LLC, can invoke our rights under this agreement in the event they become involved in a dispute. Otherwise, this agreement does not give rights to any third parties.

- You cannot transfer your rights or obligations under this agreement without our consent.

- Our rights and obligations can be assigned to others. For example, this could occur if our ownership changes (as in a merger, acquisition, or sale of assets) or by law.

**Who Is Responsible if Something Happens.**

- Our Service is provided "as is," and we can't guarantee it will be safe and secure or will work perfectly all the time. TO THE EXTENT PERMITTED BY LAW, WE ALSO DISCLAIM ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, AND NON-INFRINGEMENT.

- We also don't control what people and others do or say, and we aren't responsible for their (or your) actions or conduct (whether online or offline) or content (including unlawful or objectionable content). We also aren't responsible for services and features offered by other people or companies, even if you access them through our Service.

- Our responsibility for anything that happens on the Service (also called "liability") is limited as much as the law will allow. If there is an issue with our Service, we can't know what all the possible impacts might be. You agree that we won't be responsible ("liable") for any lost

 **Help Center**

punitive, or incidental damages arising out of or related to these Terms, even if we know they are possible. This includes when we delete your content, information, or account. Our aggregate liability arising out of or relating to these Terms will not exceed the greater of $100 or the amount you have paid us in the past twelve months.

- You agree to defend (at our request), indemnify and hold us harmless from and against any claims, liabilities, damages, losses, and expenses, including without limitation, reasonable attorney's fees and costs, arising out of or in any way connected with these Terms or your use of the Service. You will cooperate as required by us in the defense of any claim. We reserve the right to assume the exclusive defense and control of any matter subject to indemnification by you, and you will not in any event settle any claim without our prior written consent.

**How We Will Handle Disputes.**

- Except as provided below, **you and we agree that any cause of action, legal claim, or dispute between you and us arising out of or related to these Terms or Instagram ("claim(s)") must be resolved by arbitration on an individual basis. Class actions and class arbitrations are not permitted**; you and we may bring a claim only on your own behalf and cannot seek relief that would affect other Instagram users. If there is a final judicial determination that any particular claim (or a request for particular relief) cannot be arbitrated in accordance with this provision's limitations, then only that claim (or only that request for relief) may be brought in court. All other claims (or requests for relief) remain subject to this provision.

- Instead of using arbitration, you or we can bring claims in your local "small claims" court, if the rules of that court will allow it. If you don't bring your claims in small claims court (or if you or we appeal a small claims court judgment to a court of general jurisdiction),

 **Help Center**

arbitrations under its Consumer Arbitration Rules. **You and we expressly waive a trial by jury.**

The following claims don't have to be arbitrated and may be brought in court: disputes related to intellectual property (like copyrights and trademarks), violations of our Platform Policy, or efforts to interfere with the Service or engage with the Service in unauthorized ways (for example, automated ways). In addition, issues relating to the scope and enforceability of the arbitration provision are for a court to decide.

This arbitration provision is governed by the Federal Arbitration Act.

You can opt out of this provision within 30 days of the date that you agreed to these Terms. To opt out, you must send your name, residence address, username, email address or phone number you use for your Instagram account, and a clear statement that you want to opt out of this arbitration agreement, and you must send them here: Meta Platforms, Inc. ATTN: Instagram Arbitration Opt-out, 1601 Willow Rd., Menlo Park, CA 94025.

- Before you commence arbitration of a claim, you must provide us with a written Notice of Dispute that includes your name, residence address, username, email address or phone number you use for your Instagram account, a detailed description of the dispute, and the relief you seek. Any Notice of Dispute you send to us should be mailed to Meta Platforms, Inc., ATTN: Instagram Arbitration Filing, 1601 Willow Rd. Menlo Park, CA 94025. Before we commence arbitration, we will send you a Notice of Dispute to the email address you use with your Instagram account, or other appropriate means. If we are unable to resolve a dispute within thirty (30) days after the Notice of Dispute is received, you or we may commence arbitration.

 **Help Center**

arbitrator fees for any arbitration we bring or
if your claims seek less than $75,000 and you
timely provided us with a Notice of Dispute.
For all other claims, the costs and fees of
arbitration shall be allocated in accordance
with the arbitration provider's rules, including
rules regarding frivolous or improper claims.

- For any claim that is not arbitrated or resolved
  in small claims court, you agree that it will be
  resolved exclusively in the U.S. District Court
  for the Northern District of California or a
  state court located in San Mateo County. You
  also agree to submit to the personal
  jurisdiction of either of these courts for the
  purpose of litigating any such claim.

- The laws of the State of California, to the
  extent not preempted by or inconsistent with
  federal law, will govern these Terms and any
  claim, without regard to conflict of law
  provisions.

**Unsolicited Material.**

We always appreciate feedback or other suggestions,
but may use them without any restrictions or
obligation to compensate you for them, and are under
no obligation to keep them confidential.

## Updating These Terms

We may change our Service and policies, and we may
need to make changes to these Terms so that they
accurately reflect our Service and policies. Unless
otherwise required by law, we will notify you (for
example, through our Service) before we make
changes to these Terms and give you an opportunity
to review them before they go into effect. Then, if you
continue to use the Service, you will be bound by the
updated Terms. If you do not want to agree to these
or any updated Terms, you can delete your account,
[here](#).

Effective Date: 26 July 2022

 **Help Center**

Yes                                    No



**Related Articles**

Ads and how they're managed in the EU

Why has my account been restricted for data scraping and what can I do?

Why we added more information to our Terms

Instagram Badges Purchase Terms

About Threads

Information for Law Enforcement

About Us

API

Jobs

Terms

Privacy

from ∞ Meta                                    © 2024 Meta