**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MARSAINAH FERRELL,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC d/b/a INSTAGRAM,<br><br>Defendant. | Civil Action No.<br>1:24-cv-01044-VMC |

**ORDER**

This matter is before the Court on Defendant Meta Platforms, Inc's Emergency Motion to Enjoin Plaintiff's Further Filings and for Abeyance of Meta's Response Deadlines (Doc. 44). Also before the Court are Plaintiff Marsainah Ferrell's Motion to Vacate Order Compelling Arbitration (Doc. 41) and Motion to Stay Arbitration Proceedings (Doc. 42).

Plaintiff complains of ongoing misconduct by the AAA in the pending arbitration. (*See generally* Docs. 41, 42). Defendant asks the Court to enjoin Plaintiff "from filing further motions in contravention of this Court's July 23, 2024 Order." (Doc. 44 at 1).[1] Defendant also asks the Court to "hold in abeyance Meta's response deadlines to any subsequent filing by Plaintiff in this Court until the arbitrator

[1] Citations to page numbers refer to the pages in the relevant document as numbered by the CM/ECF system.

issues a final award or the parties reach a settlement, which are the only two grounds for which this Court can reopen this case pursuant to the same July order." (*Id.*). Plaintiff opposes the request, arguing that Defendant's motion "represents a calculated attempt to prevent this Court from considering the serious due process violations documented in Plaintiff's Reply before the Court has had any opportunity to review it." (Doc. 47 at 2).

First, Plaintiff's pending motions are due to be dismissed. "Under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., a district court does not have the power to review an interlocutory ruling by an arbitration panel." *Michaels v. Mariforum Shipping, S. A.*, 624 F.2d 411, 414 (2d Cir. 1980) (citations omitted); *accord Schatt v. Aventura Limousine & Transp. Serv., Inc.*, 603 F. App'x 881, 887 (11th Cir. 2015). "Policy considerations, no less than the language of the Act and precedent construing it, indicate that district courts should not be called upon to review preliminary rulings of arbitrators. Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court." *Michaels*, 624 F.2d at 414. The Court must "not 'hold itself open as an appellate tribunal' during an ongoing arbitration proceeding, since applications for interlocutory relief 'result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision.'" *Id.* (quoting *Compania Panemena Maritima v. J. E. Hurley Lumber Co.*, 244 F.2d 286,

288-89 (2d Cir. 1957)). Plaintiff must await a final award, at which time her claims about interlocutory procedure will merge into her claims to vacate the award should she not prevail. *See* 9 U.S.C. § 10(a)(3) (providing vacatur "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced").

The Court now turns to Defendant's motion. The Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

The Court has considered both Defendant's motion to stay and Plaintiff's response, and, pursuant to its inherent powers, the Court will grant Defendant's motion in part. The Court's July 23, 2024 Order remains in effect, and this case will remain closed during the pending arbitration proceedings. The Court does not believe that Plaintiff should be enjoined from filing motions at this time, but the Court will not require Defendant to respond to any motions in this case until further notice. Accordingly, it is

**ORDERED** that Plaintiff Marsainah Ferrell's Motion to Vacate Order Compelling Arbitration (Doc. 41) and Motion to Stay Arbitration Proceedings (Doc. 42) are **DENIED**. It is

**FURTHER ORDERED** that Defendant Meta Platforms, Inc's Emergency Motion to Enjoin Plaintiff's Further Filings and for Abeyance of Meta's Response Deadlines (Doc. 44) is **GRANTED IN PART**. Defendant need not respond to any motion in this case filed by Plaintiff prior to the completion of the arbitration proceedings unless ordered by the Court.

**SO ORDERED**, this 18th day of April, 2025.

Victoria Marie Calvert
United States District Judge